UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS FULLER,

    Plaintiff,

v.

Case No. 13-cv-13171
Hon. Matthew F. Leitman

DAVID KERR, et al.,

    Defendants.

_____/

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDERS GRANTING DEFENDANTS' MOTIONS (1) TO EXTEND SCHEDULING ORDER DATES (ECF #34), AND (2) FOR LEAVE TO DEPOSE PLAINTIFF (ECF #35)**

On September 16, 2014, Defendants David Kerr, Gary Davis, Janet Cochran, and John W. Hawley (collectively, the "Defendants") filed (1) a motion to extend scheduling order dates by at least 90 days, and (2) a motion for leave to depose Plaintiff Thomas Fuller pursuant to Fed. R. Civ. Proc. 30(a)(2)(B). (*See* the "Defendants' Motions," ECF ##21-22.)  On October 3, 2014, Plaintiff Thomas Fuller ("Plaintiff") submitted a motion to extend the time for his response to Defendants' Motions pursuant to Fed. R. Civ. Proc. 6. (*See* the "Plaintiff's Motion," ECF #32.)  On October 14, 2014, Magistrate Judge Paul J. Komives (the "Magistrate Judge") granted the Defendants' Motions and found Plaintiff's Motion moot. (*See* the "Magistrate Judge's Orders," ECF ##34-35.)

Before the Court are Plaintiff's objections to the Magistrate Judge's Orders. (*See* the "Objections," ECF #44.) Plaintiff argues that the Magistrate Judge erred by failing to grant Plaintiff's Motion because Plaintiff is incarcerated, has limited access to the prison law library, and therefore required extra time to respond to Defendants' Motions. (*See id.* at 3, Pg. ID 283.) Plaintiff asserts that the Magistrate Judge's Orders prejudice him because he will "not be able to appeal the [D]efendants' [M]otions." (*Id.*)

Fed. R. Civ. Proc. 72(a) provides that a district court judge must modify or set aside any portion of a magistrate judge's non-dispositive pretrial order found to be "clearly erroneous or contrary to law." The United States Supreme Court and the Sixth Circuit Court of Appeals have stated that "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992) (quoting *U.S. Gypsum Co.*). This standard does not empower a reviewing court to reverse a magistrate judge's finding merely because it would have decided the matter differently. *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985).

"The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; his legal conclusions are reviewed under the plenary 'contrary to law' standard.... Therefore, [the reviewing court] must exercise independent judgment with respect to the magistrate judge's conclusions of law." *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich. 1995) (*citing Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992)). "'An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Mattox v. Edelman*, No. 12–13762, 2014 WL 4829583, at *2 (E.D. Mich. Sept. 29, 2014) (*quoting Ford Motor Co. v. United States*, No. 08–12960, 2009 WL 2922875, at *1 (E.D.Mich. Sept.9, 2009)).

The Magistrate Judge's Orders were neither clearly erroneous nor contrary to law. Rule 6(b)(1) provides that a court "*may*, for good cause" grant a motion to extend time. Fed. R. Civ. Proc. 6(b)(1) (emphasis added). "[T]he plain language of the rule demonstrates that the good cause standard in the rule is discretionary – even if a party demonstrates good cause, a district court is not required to grant a motion to extend time." *Ott v. Fed. Home Loan Mortg. Corp.*, 535 Fed. App'x 488, 489 (6th Cir. 2013). Thus, even if Plaintiff had demonstrated good cause for extending the time, the Magistrate Judge was not required to grant Plaintiff's Motion. Further, Plaintiff has not established that the Magistrate Judge, having declined to grant Plaintiff's Motion, erred by granting the Defendants' Motions.

Finally, Plaintiff has not shown that the Magistrate Judge's Orders impair his appellate rights in this action or prejudice him in any other way. Plaintiff's Objections are therefore without merit.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Objections (ECF #44) to the Magistrate Judge's Orders are **OVERRULED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: December 3, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 3, 2014, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113