UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS LEROY FULLER (#237590),

      Plaintiff,

                         CASE NO. 2:13-CV-13171
                         JUDGE MATTHEW F. LEITMAN
                         MAGISTRATE JUDGE ANTHONY P. PATTI

  v.

DAVID KERR,
GARY DAVIS,
JANET COCHRAN and
JOHN HAWLEY,

      Defendants.

_____/

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S EX PARTE MOTION FOR THE APPOINTMENT OF COUNSEL (DE 49)

At the time Plaintiff Thomas Fuller (#237590) filed the instant lawsuit, he was incarcerated at the Michigan Department of Corrections (MDOC) Carson City Correctional Facility (DRF).  *See* DE 1 at 1.  While incarcerated at DRF, Plaintiff had the assistance of Emanuel S. Coates (#155262), who Plaintiff identifies as a paralegal and who is still incarcerated at DRF.  *See*, *i.e.*, DE 17 at 1, DE 26 at 1, DE 27 at 1, DE 32 at 1; www.michigan.gov/corrections, "Offender Search."  However, Plaintiff has been transferred from DRF and is currently incarcerated at the MDOC's Marquette Branch Prison (MBP).  DE 50.

At this time, there are six (6) motions pending before the Court.  DE 20, DE 38, DE 47, DE 48, DE 49 and DE 52.  Among these is Plaintiff's verified January 9, 2015 ex parte motion for the appointment of counsel (DE 49), wherein Plaintiff informs the Court that "legal assistance is no longer available to Plaintiff because of his transfer."  DE 49 ¶ 2.  Plaintiff further states:

> Plaintiff takes psychotropic medications and legal assistance is necessary so that Plaintiff will be able to pursue this matter.  Without any legal assistance, Plaintiff will not be able to litigate his claims or defend against the defendants motions and discovery tactics.

DE 49 ¶ 3.

Upon consideration, Plaintiff's motion (DE 49) is denied without prejudice. The Court acknowledges Plaintiff's claim that the instant motion "was prepared by the prisoner paralegal for Plaintiff right before his transfer."  DE 49 ¶ 4.  However, looking to the matters Plaintiff has filed following his transfer, the Court concludes that Plaintiff's request should be denied at this time.  For example, Plaintiff's February 12, 2015 motion (DE 52), apparently authored while Plaintiff was incarcerated at MBP, states that Plaintiff qualifies to receive assistance from the Legal Writer Program.[1]  *See* DE 52 ¶¶ 13, 14.  Also, Plaintiff's March 11, 2015

---

[1] The MDOC's Legal Writer Program is discussed in MDOC PD 05.03.116 ("Prisoners' Access to the Courts"), effective 10/17/2014, ¶¶ R-V.

motion (DE 53) to enlarge time to respond to the motion for summary judgment

(DE 48) states:

> Mr. Fuller's Initial request for legal assistance for the Motion in
> Opposition was received by the MBP Library on February 22, 2015
> after going through the prisoner kite system. After this an application
> for legal assistance was sent to the prisoner on or about the same date.
> After going back through the prisoner kite system both to and from
> prisoner; the plaintiff's application for legal assistance notifying us of
> his March 9, 2015 deadline was ultimately received via interview
> between prisoner and legal writer on February 19, 2015.

DE 53 at 3 ¶ 3. Finally, on March 20, 2015, Plaintiff filed a response (DE 55)[2] to

Defendants' dispositive motion (DE 48). Thus, it appears that Plaintiff is receiving

the same or similar type of help at MBP that he received from Mr. Coates at DRF.

Moreover, even after his transfer to a new facility, Plaintiff has illustrated his ability

to adequately communicate his requests to this Court in a reasonably clear and well-

organized manner and with appropriate legal citation.

---

[2] This filing consists of a "motion in opposition" (DE 55 at 1-2), a brief (DE 55 at 3-22), an index of exhibits (DE 55 at 23-24), a copy of Defendants' motion to dismiss and for summary judgment (Exhibit A DE 55 at 25-50 to DE 55-1 at 1), Plaintiff's March 16, 2015 affidavit (Exhibit B DE 55-1 at 2-5), a copy of Plaintiff's September 23, 2014 second amended complaint (Exhibit C DE 55-1 at 6-15), Plaintiff's and Defendant's de-licer bottle photographs (Exhibits D & E DE 55-1 at 16-20), lung medication information (Exhibit F DE 55-1 at 21), Plaintiff's Tri-CAP Daily Logs for June 27, 2011 through August 1, 2011 (Exhibit G DE 55-1 at 22-32), July 3, 2011 Tri-CAP Discipline /Incident Report (Exhibit H DE 55-1 at 33-34), subpoena to MSP Director Col. Kriste Kibbey Etue (Exhibit I DE 55-1 at 35), a copy of Kerr's December 11, 2014 affidavit (Exhibit J DE 55-1 at 36-38 / DE 48-12), Cardiac Reports (Exhibit K DE 55-1 at 39 to DE 55-2 at 7) and a June 21, 2011 Treatment Referral (Exhibit L DE 55-2 at 8).

Accordingly, Plaintiff's January 9, 2015 ex parte motion for the appointment of counsel (DE 49) is DENIED WITHOUT PREJUDICE. Plaintiff may petition the Court for the recruitment of pro bono counsel if this case survives dispositive motion practice, proceeds to trial or if other circumstances demonstrate such a need in the future.[3]

**IT IS SO ORDERED.**

Dated: March 31, 2015          s/Anthony P. Patti
                                          Anthony P. Patti
                                          UNITED STATES MAGISTRATE JUDGE


I certify that a copy of this document was sent to parties of record on Tuesday, March 31, 2015, electronically and/or by U.S. Mail.

                    s/Michael L. Williams
                    Case Manager to the
                    Honorable Anthony P. Patti

---

[3]Proceedings in forma pauperis are governed by 28 U.S.C. § 1915. Plaintiff brings the instant motion under 28 U.S.C. § 1915(e)(1), which provides that "[t]he court *may request* an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). However, even if the circumstances of Plaintiff's case convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to recruit counsel under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases.").