UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS LEROY FULLER (#237590),

    Plaintiff,

                      CASE NO. 2:13-CV-13171
                      JUDGE MATTHEW F. LEITMAN
                      MAGISTRATE JUDGE ANTHONY P. PATTI

    v.

DAVID KERR,
GARY DAVIS,
JANET COCHRAN and
JOHN HAWLEY,

    Defendants.

_____/

**ORDER (A) GRANTING PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA (DE 47) AND REQUIRING A RESPONSE; (B) STAYING DEFENDANTS' DISPOSITIVE MOTION (DE 48) and (C) DEEMING MOOT IN PART AND GRANTING IN PART PLAINTIFF'S MOTION FOR EXTENSION AND/OR TO STAY (DE 52)**

**A.    Introduction**

Currently, there are five (5) motions pending before the Court. DE 20, DE 38, DE 47, DE 48 and DE 52. Among these are (A) Plaintiff's December 29, 2014 motion to compel compliance with subpoena (DE 47); (B) Defendants' December 31, 2014 motion to dismiss and for summary judgment (DE 48) and (C) Plaintiff's February 12, 2015 motion for extension and/or to stay (DE 52).

This order resolves two (2) of the pending motions.

B.  Discussion

1.  **Motion to Compel Compliance with Subpoena (DE 47)**

Col. Kriste Kibbey Etue is the Director of the Michigan State Police (MSP). *See* www.michigan.gov/msp, "About Us," "Meet the Director." On or about August 28, 2014, Plaintiff served Etue with a subpoena to produce a certified copy of CR-94708-14. DE 47 at 5-7. According to Plaintiff, this file "pertains to the Assault and Battery investigation of Defendant David Kerr against Plaintiff." DE 47 at 1 ¶ 2.

Plaintiff received a response from Renee Hultberg, MSP Assistant Freedom of Information Act (FOIA) Coordinator, on September 11, 2014; however, according to Plaintiff, the response did not include the information it purportedly enclosed. DE 47 at 1 ¶ 3. On September 17, 2014, Plaintiff wrote back to inform Hultberg that the requested information had not been enclosed; however, Hultberg has not acknowledged Plaintiff's letter, nor has Plaintiff been provided with the information as requested in the subpoena. DE 47 at 2 ¶ 4.

On December 29, 2014, Plaintiff filed a verified motion (DE 47) to compel compliance with the subpoena served on Col. Etue. DE 47 at 3. Plaintiff claims that the information sought in CR-94708-14 "is necessary for the trial preparation in this matter." According to Plaintiff, he "cannot obtain the information contained in

the investigation report by [any] other means." DE 47 at 2 ¶ 5. In support of his motion, Plaintiff cites Fed. R. Civ. P. 45 (DE 47 at 1, 4) and relies upon *Exxon Shipping Co. v. U.S. Dept. of Interior*, 34 F.3d 774 (9th Cir. 1994)[1] and *United States v. Nixon*, 418 U.S. 683 (1974) (DE 47 at 2 ¶¶ 6, 7). In sum, Plaintiff requests:

> . . . that the Court enter an Order Compelling Colonel Kriste Kibbey Etue to Comply with the command of the subpoena served on her on August 28, 2014 and provide Plaintiff with a certified copy of State Police files: CR-94708-14 and S-96315-14 concerning the investigation of the ass[au]lt and battery of Plaintiff by Defendant David Kerr within ten (10) days of the Order comp[ell]ing her compliance or be held in contempt of court.

DE 47 at 2. There has been no response to this motion. While Etue is not a party to this case, Plaintiff's certificate of service indicates that a copy of his December 29, 2014 motion (DE 47) was mailed to Etue at 333 South Grand Street, P.O. Box 30634, Lansing, Michigan 48909. *See* DE 47 at 3. According to the

---

[1] "Rule 26(c) and Rule 45(c)(3) give ample discretion to district courts to quash or modify subpoenas causing "undue burden." The Federal Rules also afford nonparties special protection against the time and expense of complying with subpoenas. *See* Fed.R.Civ.P. 45(c)(3)(A)(ii). In addition, the Rules can prevent private parties from exploiting government employees as tax-supported pools of experts. *See* Fed.R.Civ.P. 45(c)(3)(B)(ii), (iii) (a court may in its discretion disallow the taking of a non-retained expert's testimony unless the proponent makes a showing of " substantial need" that "cannot be otherwise met without undue hardship" and payment of reasonable compensation) (emphasis added). The Rules also recognize and protect privileged information. *See* Fed.R.Civ.P. 45(c)(3)(A)(iii)." *Exxon*, 34 F.3d at 779.

MSP website, the MSP Headquarters are located at 333 S. Grand Ave., P.O. Box 30634, Lansing, MI 48909-0634. Therefore, the Court assumes that Etue received the motion and has no substantive objections to the subpoena underlying it.

### 2. Motion for Extension and/or to Stay (DE 52)

The Court's January 22, 2015 order (DE 51) originally set Plaintiff's deadline to respond to Defendants' December 31, 2014 dispositive motion (DE 48) for March 9, 2015. Plaintiff has twice sought to extend his response deadline.

First, on February 12, 2015, Plaintiff filed a motion (DE 52) for extension of time to file a motion in opposition to Defendants' motion for summary judgment (DE 48) and/or to stay to allow time to obtain discovery.[2] Among other things, Plaintiff points to his December 29, 2014 motion (DE 47) to compel compliance with subpoena served upon MSP Director Col. Kriste Kibbey Etue and cites Fed. R. Civ. P. 56(d) ("When Facts Are Unavailable to the Nonmovant."). *See* DE 52 at 2 ¶ 5b, DE 52 at 3 ¶ 7, DE 52 at 5 ¶ 12, DE 52 at 6. By this motion, Plaintiff requests an extension of the response deadline to March 2, 2015 "or until a time after the [Defendants] provide the [P]laintiff with the subpoenaed police reports so that he can provide a proper response[.]" DE 52 at 6; *see also* DE 52 at 2 ¶ 5. The Court has yet to rule on this motion, but notes that it requests a motion response

---

[2]That motion purportedly was signed by Plaintiff on February 1, 2015 (DE 52 at 6) and mailed out either that day or the next (DE 52 at 7); it is not clear which.

deadline which is *earlier* than that previously set by the Court. Perhaps the Court's January 22, 2015 order (DE 51) setting the deadline for March 9th crossed paths with Plaintiff's extension request (DE 52), seeking an extension to March 2nd.

Second, on March 11, 2015, Plaintiff filed another motion (DE 53) to enlarge time to respond to the motion for summary judgment (DE 48). Here, too, Plaintiff mentions Fed. R. Civ. P. 56 and his effort to obtain police reports. DE 53 at 5-6 ¶ 9. In the end, Plaintiff requested an extension of the response deadline to March 19, 2015. DE 53 at 3, 5, 6. On March 13, 2015, the Court entered an order (DE 54) granting Plaintiff's motion to enlarge time to respond (DE 53) to Defendants' motion for summary judgment (DE 48) and setting the response deadline for March 19, 2015.

Plaintiff's March 16, 2015 dispositive motion response was filed with the Court on March 20, 2015 (DE 55). Therein, Plaintiff again mentions his efforts to obtain police reports. *See* DE 55 at 15 ¶ 2. According to Plaintiff, "the state police have yet to comply with [his] request." DE 55 at 15 ¶ 2.[3]

**C.     Order**

Upon consideration, Plaintiff's December 29, 2014 motion to compel compliance with subpoena served on Kriste Kibbey Etue (DE 47) is GRANTED.

---

[3] On March 27, 2015, Defendants filed a reply. DE 57.

Etue SHALL comply with the subpoena no later than April 15, 2015. In addition, the Clerk of the Court is DIRECTED to serve a copy of this order upon Etue at MSP Headquarters (333 S. Grand Ave., P.O. Box 30634, Lansing, MI 48909-0634).

In the meantime, the Court will STAY consideration of Defendants' pending dispositive motion (DE 48) until further order of this Court. Also, Plaintiff's February 12, 2015 motion (DE 52) is DEEMED MOOT to the extent it sought an extension of the response deadline; however, the motion (DE 52) is GRANTED to the extent it sought a stay to allow time to obtain discovery. No later than April 22, 2015, Plaintiff SHALL inform the Court, in writing, whether he has received the documents sought from the MSP and, if so, whether he seeks a period of time within which to supplement his March 20, 2015 response (DE 55).

Finally, Defendants' September 16, 2014 motion to compel (DE 20) and Plaintiff's October 31, 2014 motion for protective order (DE 38) will be addressed under separate cover.

**IT IS SO ORDERED.**

Dated: April 1, 2015     s/Anthony P. Patti
                         Anthony P. Patti
                         UNITED STATES MAGISTRATE JUDGE