UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS LEROY FULLER (#237590),

        Plaintiff,

                        CASE NO. 2:13-CV-13171
                        JUDGE MATTHEW F. LEITMAN
                        MAGISTRATE JUDGE ANTHONY P. PATTI

  v.

DAVID KERR,
GARY DAVIS,
JANET COCHRAN and
JOHN HAWLEY,

        Defendants.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL DISCOVERY (DE 20) AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER (DE 38)

### A. Background and Relevant Procedural History

Thomas Leroy Fuller (#237590) is currently incarcerated at the MDOC's Marquette

Branch Prison (MBP). Fuller initiated this lawsuit on July 23, 2013 while

incarcerated at the Carson City Correctional Facility (DRF). DE 1. He is

proceeding *in forma pauperis*. *See* DE 2, DE 4.

The Court granted Plaintiff leave to file a first amended complaint (DE 7), which he did on October 21, 2013 (DE 6). Plaintiff was also given leave to file a second amended complaint. *See* DE 17, DE 19. The second amended complaint ("SAC") was filed on September 23, 2014 and names as defendants Kerr, Davis, Cochran and Hawley. DE 26; *see also* DE 25. Each of these defendants has appeared. DE 11, DE 40. The SAC pleads five counts, namely: excessive force resulting in bodily injury by Defendant Kerr (Count I); assault and battery by Defendant Kerr (Count II); failure to administer adequate medical care (Count III); 42 U.S.C. §1983 civil conspiracy (Count IV); and, violation of 42 U.S.C. §1983 and the Eighth Amendment (Count V). For purposes of the instant motions, it is significant that Plaintiff alleges at the end of every count that one or more of the defendants' conduct caused him to suffer some combination of *mental anguish, humiliation, emotional distress, mortification, embarrassment, pain and suffering,* and/or the lasting side effects from *damage to his lungs.* (DE 26, ¶¶ 37, 40, 43, 46, and 52) (emphasis added). He also alleges a loss of his liberty. (DE 26, ¶ 46).

## B. Instant Matters, Analysis and Rulings

### 1. Motion to Compel (DE 20)

Defendants filed the instant motion to compel discovery (DE 20) on September 16, 2014 and supplemented that motion on September 24, 2014 (DE 30). Plaintiff filed his response to the motion on October 31, 2014 (DE 37). That

motion is **GRANTED IN PART AND DENIED IN PART**, for the reasons

appearing and in accordance with the direction given below.

Defendants' motion to compel complains of two things: first, that Fuller

failed to answer their first set of interrogatories; and, second, that Fuller failed to

respond to their first request for production of documents. Defendants allege that

these discovery requests were served upon Fuller on July 29, 2014 (DE 20, ¶ 3).

These are discussed in turn.

### a. Interrogatories

Fuller takes the position that he should not have to answer the interrogatories at

issue, because they exceed the 25 question limit contained in Fed. R. Civ. P

33(a)(1) by a significant amount. By his calculation, the defendants propounded 43

numbered interrogatories, which included 134 parts and subparts (DE 37 at 8). In

their motion to compel, Defendants specifically, "acknowledge that said

Interrogatories exceed the limits set by the Federal Court Rules," but argue that

they should somehow be given a pass from the requirements of the rule "due to the

complex nature of plaintiff's claims, and the relatively limited time allowed for

discovery in this case." (DE 30 at 2). It is noted, however, that despite whatever

burdens Defendants may have faced due to the alleged complexities and limited

time allowed for discovery, the Court did permit Defendants to take Plaintiff's

deposition (DE 34, 46 and 56), and that the deposition apparently did take place on

November 13, 2014 (DE 48-8). The Court assumes, therefore, that Defendants had ample opportunity to explore whatever topics were contained in their original interrogatories…and then some…most likely in an even more efficient manner than interrogatories would have afforded, given the availability of immediate follow-up questions in the deposition setting. For this reason, the issue of whether the interrogatories should be answered ought to be moot.

For the sake of completeness, however, even if the subject of these interrogatories is not mooted by the occurrence of Plaintiff's deposition, the Court will not compel responses, in light of Defendant's blatant and unilateral violation of Rule 33(a)(1), which contains an unambiguous limitation on the number of interrogatories which can be propounded, and which expressly states that the 25 written interrogatory limitation is not to be exceeded "[u]less otherwise stipulated or ordered by the court," as correctly noted in Fuller's response (DE 37 at 2). Plaintiff was entirely correct in expressing his "doubt that the Court will enforce a violation of the rules governing discovery." (DE 30-2, Pg ID 156).  It will not.

Notwithstanding the Court's disinclination to condone Defendants' disregard for Rule 33, the Court does recognize that its own delay in deciding this motion before the December 6, 2014 discovery deadline prevented Defendants from curing the defect through the issuance of a conforming set of interrogatories. Although the Court believes it to be unlikely that Defendants suffered any prejudice from this

delay – in light of the fact that Plaintiff's deposition was taken in the interim – if Defendants still believe that it is necessary to seek additional, follow-up discovery by way of interrogatory, they may serve Plaintiff with up to 10 additional interrogatories, *including all discrete subparts*, before May 13, 2015.  Discovery will be reopened through May 13, 2015 for the <u>limited and the sole purpose</u> of <u>Defendants</u> having the opportunity to propound new interrogatories, should they still feel the need to do so.

### b.  Requests to Produce

The requests to produce are an entirely different matter. Defendants allege that Fuller failed to respond to their requests to produce (DE 20, ¶¶ 6, 8). Fuller suggests that they are being disingenuous, because he in fact did respond (DE 37 at 7, 9 & 47-49). However, Defendants' motion was filed on September 16, 2014 (DE 20) and Plaintiff's response to the first request for production of documents was not signed until the next day, September 17, 2014 (DE 37 at 49). After receiving his response, Defendants file a supplemental brief, to which they attach and in which they, at length, discuss Plaintiff's subsequently received response to their document requests (DE 30 at 2-3 and Exhibit 2 thereto). There can hardly be anything disingenuous about this.

There are only two requests to produce at issue.  The Court will consider these separately.

### i.      Request #1: Executed Authorizations for Medical Records

Defendants' first request for production asks Plaintiff to "furnish [an] executed authorization" for his medical records. Plaintiff responded by objecting on the basis of the psychotherapist privilege recognized in *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996), which he cites. While Plaintiff is correct that the Supreme Court recognized such a privilege in *Jaffee*, he fails to make note of two key and related distinctions between *Jaffee* and the case at bar. First, the psychotherapy records at issue in *Jaffee* were those of *the defendant*, not, as here, records pertaining to the plaintiff. *Id.* at 3-5.  Second, in *Jaffee,* there is no indication that the defendant had either expressly or impliedly waived her psychotherapist privilege. In contrast, in the instant case Fuller repeatedly alleges that Defendants' conduct caused him to suffer some combination of *mental anguish, humiliation, emotional distress, mortification, embarrassment, pain and suffering,* and/or the lasting side effects from damage to his lungs. (DE 26, ¶¶ 37, 40, 43, 46, and 52).  Having made these claims and put these aspects of his mental and physical health at issue, Fuller has effectively waived whatever privilege he had to his medical and psychological records.

The parties against whom he has made those claims have a right to defend themselves by reviewing such records to determine such things as the veracity of Plaintiff's damage claims, whether any of his injuries were pre-existing, whether

he has properly mitigated his alleged damages, and for any other evidence which could be used to support the claims or defenses in this case, including evidence which could potentially be used for purposes of impeachment.

The Sixth Circuit takes a broad view with respect to plaintiffs putting such damages at issue. *See* 21 Geo. Mason L.Rev. 117, 132 (2013). For example, in *Madday v. Public Libraries of Saginaw*, 480 F.3d 815 (6th Cir. 2007), the court explained that, "if Maday were not seeking emotional distress damages, then her conversations with a social worker about how she was feeling would likely be privileged. But when [she] put her emotional state at issue in the case, she waived any such privilege, and the records may come in…." *Madday*, 480 F.3d at 821. While recognizing that Michigan statutory law, like federal law, protects social worker-client communications from compelled discovery, the court also noted that, "[A] party waives that privilege when he or she raises a claim seeking to recover damages for emotional distress." 480 F.3d at 821 n.2 (citing Mich. Comp. Laws § 333.18513).

Likewise, in *Simon v. Cook*, 261 Fed.Appx. 873 (6th Cir. 2008), a §1983 case which also challenged the constitutionality of a Kentucky statute and raised state law claims, the court, while acknowledging that the Supreme Court recognized a federal common law psychotherapist-patient privilege in *Jaffee*, further stated that, "placing one's mental health at issue constitutes a waiver of the privilege." *Simon*,

261 F.App'x at 886 (citing *Maday,* 480 F.3d 821 and *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8ᵗʰ Cir. 2000)). The *Simon* court also pointed out that the *Jaffee* decision did not determine "whether the privilege is waived if a plaintiff puts his mental health at issue." *Id*. at 886. Here, Fuller clearly did put his mental health at issue, and thus waived any privilege he might have had to his psychotherapy or other mental health records.  Moreover, Fuller also put his physical health at issue, specifically, lung damage, likewise waiving any privilege he might have had to his medical records.

A refusal to provide these records would constitute a basis for: striking the above-cited allegations from his pleadings; precluding him from testifying about those alleged injuries at trial; and, seeking damages on those bases. Such refusal also might constitute a basis for dismissal of this case. Fuller is therefore ordered to comply with Defendants' first production request. *See, i.e.*, Fed. R. Civ. P. 37(b)(2)(A).  For their part, Defendants are to provide him with appropriate authorization forms forthwith, but for purposes of avoiding harassment or overly broad discovery of remote or only marginally pertinent information, the medical authorizations shall be limited to the past 10 years of Fuller's life.

### ii.     Request #2: Documents Relating to the Claims

In their second production request, Defendants seek production of "any and all documents relating to the claims alleged in the Plaintiff's complaint." Pg ID

233. Fuller has objected on the basis that, "The request is overbroad and seeks production of documents protected by attorney-client privilege and the attorney work product doctrine." Fuller provides no privilege log in support of his decision to withhold these documents, as required by Fed. R. Civ. P. 26(b)(5)(A)(ii); *see also,* E.D.Mich. LR 26.4(a)(1)(A). Defendants certainly have a right to documents relating to the claims alleged in Fuller's complaint, in order to fairly and adequately defend themselves. While the broadness of the request arguably could call for the production of documents which are subject to either the attorney-client privilege or which are protected under the attorney work product doctrine, Fuller gives no specifics as to these assertions, and has produced no documents whatsoever in response to this request. It is also noted that no attorney has appeared for him in this case. That is not to say that he may not have consulted with an attorney for advice or to prepare his legal papers, but he has failed to identify any such person or to specify any particular document which is being withheld on either of these bases. Plaintiff's objection on the basis of the request being overbroad is **OVERRULED**.

Within the next **30 days**, Plaintiff must produce any and all non-privileged documents which relate, refer, evidence and/or pertain to the claims he has made in this lawsuit, *including but not limited to* any documents or other items which he intends to use for any purpose at trial. Within the same **30 day deadline**, and to the

extent that he is still claiming the right to withhold any document under either the attorney-client privilege or the work product doctrine, he must produce to the Defendants a privilege log specifically identifying and describing each document withheld, the nature of the privilege claimed, and each such document's date, author, purpose, and all recipients of the document. Without such a privilege log, Defendants are unfairly denied the opportunity to assess the claim of privilege. *See,* Fed. R. Civ. P. 26(b)(5)(A)(ii). The Court will not require the Defendants to simply take the Plaintiff's word for it as to the propriety of his decision to unilaterally withhold information.

## 1.  Motion for a Protective Order (DE 38)

Fuller has also filed a related motion for a protective order, taking issue with the number of interrogatories served upon him in violation of Rule 33(a)(1), as discussed above. In his prayer for relief, he asks the Court to: order the defendants to comply with the court rule governing the number of interrogatories; schedule discovery concerning defendants; and, stay discovery until the defendants file a "Notice of Compliance" with Rule 33(a)(1).  Virtually all of these issues are either moot or have been addressed by the Court in its above analysis with respect to DE 20. Accordingly, it is unnecessary to grant a protective order or to grant any further relief, beyond that which is already described above. The motion for a protective order is accordingly **GRANTED IN PART**, but only to the extent described

elsewhere in this opinion and order, and **DENIED IN ALL OTHER RESPECTS,**

the Court not finding it necessary to order Defendants to file a notice of

compliance or to stay their discovery.

**SO ORDERED.**


Dated: April 8, 2015                     s/Anthony P. Patti
                                         Anthony P. Patti
                                         UNITED STATES MAGISTRATE JUDGE


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was sent to parties of record on April 8, 2015, electronically and/or by U.S. Mail.

                                         s/Michael Williams
                                         Case Manager for the
                                         Honorable Anthony P. Patti
                                         (313) 234-5200