UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS LEROY FULLER (#237590),

    Plaintiff,

                    CASE NO. 2:13-CV-13171
                    JUDGE MATTHEW F. LEITMAN
                    MAGISTRATE JUDGE ANTHONY P. PATTI

    v.

DAVID KERR,
GARY DAVIS,
JANET COCHRAN and
JOHN HAWLEY,

    Defendants.

_____/

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S JUNE 19, 2015 MOTION FOR APPOINTMENT OF COUNSEL (DE 68)

**A.    Background**

Thomas Leroy Fuller (#237590) is currently incarcerated at the MDOC's Marquette Branch Prison (MBP).   Fuller initiated this lawsuit on July 23, 2013 while incarcerated at the Carson City Correctional Facility (DRF).   DE 1.   He is proceeding *in forma pauperis*.   *See* DE 2, DE 4.

The second amended complaint was filed on September 23, 2014 and names as defendants Kerr, Davis, Cochran and Hawley.   DE 26; *see also* DE 25.[1]   At

---

[1] This case was originally assigned to Judge Ludington and Magistrate Judge Komives.   DE 1.   However, on May 20, 2014, the case was reassigned from Judge

this time, my August 14, 2015 report and recommendation regarding Defendants' motion for summary judgment is pending before the Court.   *See* DE 48, DE 69.   Thus, the scope of this case is currently in flux.

**B.   Instant Matter**

Among the matters pending before the Court is Plaintiff's June 19, 2015 motion for appointment of counsel (DE 68.), the backdrop to which is my March 31, 2015 order denying without prejudice Plaintiff's *ex parte* motion for the appointment of counsel.   (DEs 49, 58.)   Of particular note in the instant motion are Plaintiff's claims that he is on psychotropic medications and is no longer a candidate for assistance from the Legal Writer Program, as discovery has commenced.   DE 68 ¶¶ 2, 6.

**C.   Order**

Upon consideration, Plaintiff's June 19, 2015 motion for appointment of counsel (DE 68) is **DENIED WITHOUT PREJUDICE**.   As was the case in the Court's March 31, 2015 order (DE 58), Plaintiff may petition the Court for the

---

Ludington to Judge Leitman.   DE 8.   On July 22, 2014, Judge Leitman referred this case to Magistrate Judge Komives for pretrial matters.   DE 16.   Then, on January 13, 2015, this case was reassigned from Magistrate Komives to me.

recruitment of *pro bono* counsel if this case survives dispositive motion practice, proceeds to trial, or if other circumstances demonstrate such a need in the future.[2]

**IT IS SO ORDERED.**

Dated: August 18, 2015                                  s/Anthony P. Patti
                                                        ANTHONY P. PATTI
                                                        UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on August 18, 2015, electronically and/or by U.S. Mail.

                                                        s/Michael Williams
                                                        Case Manager for the
                                                        Honorable Anthony P. Patti

---

[2] Proceedings in forma pauperis are governed by 28 U.S.C. § 1915. Plaintiff brings the instant motion under 28 U.S.C. § 1915(e)(1), which provides that "[t]he court *may request* an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1) (emphasis added).  However, even if the circumstances of Plaintiff's case convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to recruit counsel under 28 U.S.C. § 1915(e)(1)."  *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases.").