UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS FULLER,

    Plaintiff,

v.

DAVID KERR *et al.*,

    Defendants.

Case No. 13-cv-13171
Hon. Matthew F. Leitman

_____/

**OPINION AND ORDER (1) GRANTING IN PART AND OVERRULING DEFENDANTS' OBJECTIONS TO REPORT AND RECOMMENDATION (ECF #71); (2) DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME (ECF #72); (3) ADOPTING REPORT AND RECOMMENDATION (ECF #69); AND (4) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF #48)**

## INTRODUCTION

In 2011, Plaintiff Leroy Fuller ("Fuller") was a resident of the Tri-County Community Adjudication Program ("Tri-Cap"). Tri-Cap is a diversion program that aims to reduce non-violent offender admissions to jail or prison. (*See* ECF #48 at 12, Pg. ID 314.) In this action, Fuller alleges that while he was housed at Tri-Cap, Defendant David Kerr ("Kerr"), a Tri-Cap employee, subjected him to excessive force and committed assault and battery against him by spraying him with a de-lousing agent during a contraband check. Fuller also claims that Kerr and Defendants Gary Davis, Janet Cochran, and John W. Hawley (collectively, the

1

"Defendants") violated his Eighth Amendment rights by withholding medical care and prescription drugs.

The Defendants jointly filed a motion to dismiss and for summary judgment on December 31, 2014 (the "Motion"). (*See* ECF # 48, Pg. ID 303.) The Magistrate Judge issued a Report and Recommendation with respect to the Motion on August 18, 2015 (the "R&R"). (*See* ECF #69, Pg. ID 755.) In the R&R, the Magistrate Judge recommended that the Court grant the Motion with respect to all but two of Fuller's claims: the excessive force and assault and battery claims against Kerr arising out of the spraying. (*See id.* at 34, Pg. ID 788.) The Defendants have filed timely objections to the R&R (the "Objections"). (*See* ECF #71, Pg. ID 794.) They argue that Kerr should be granted summary judgment on Fuller's excessive force and assault and battery claims. (*See id.* at 18, Pg. ID 811.) The Court finds merit in some of the Objections but agrees with the Magistrate Judge's ultimate conclusion that Kerr is not entitled to summary judgment on the excessive force and assault and battery claims.

For the reasons stated below, the Court (1) **SUSTAINS** the Objections in part and **OVERRULES** them in part, (2) **ADOPTS** the R&R, (3) **DENIES** the

Motion with respect to the excessive force and assault and battery claims against Kerr, and (3) **GRANTS** the Motion in all other respects.[1]

## BACKGROUND OF THE RELEVANT CLAIMS AGAINST KERR

Tri-Cap aims to reduce prison or jail admissions for non-violent offenders by offering a number of services, including twenty-four hour supervision, a work release program, vocational and educational training, and substance abuse monitoring and counseling. (*See* ECF #48 at 12, Pg. ID 314.) Fuller was admitted to the Tri-Cap Facility on June 27, 2011. (*See* ECF #48-4 at 1, Pg. ID 343). That same day, he received a non-toxic de-lousing application, also known as a "quell shower." (ECF #48-10 at 1, Pg. ID 350.) Fuller testified that the quell shower did not cause him any sort of injury or pain. (ECF #48-8 at 3, Pg. ID 349.)

Tri-Cap forbids its residents from smoking cigarettes while on the premises. On July 3, 2011, six days after Fuller entered Tri-Cap and received his initial quell shower, Kerr witnessed Fuller and two other residents smoking cigarettes. (ECF #48-17, Pg. ID 376.) Kerr then escorted Fuller and the other two residents to a

---

[1] Fuller could have, but did not, file any objections to the portions of the R&R that recommend that the Motion be granted. Fuller's failure to file objections waives any further right to appeal. *See Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to the R&R releases the Court from its duty to independently review any portions of the R&R to which the parties did not object. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985). The Court has nevertheless reviewed the R&R and agrees with the findings and conclusions of the Magistrate Judge except as indicated above.

3

staff bathroom where Kerr conducted a strip search of each resident to determine whether they possessed any other contraband. (*See* ECF #48-12 at 1, Pg. ID 361.)

During this encounter, Kerr administered a second quell shower to Fuller (the "July 3rd Quell Shower"). (*See* ECF # 48-8 at 3, Pg. ID 355; ECF #48-12 at 2, Pg. ID 361.) Fuller claims that during the July 3rd Quell Shower, Kerr sprayed him in the face with the de-lousing agent without need or warning. (*See* ECF #26 at 3, Pg. ID 122). Kerr admits that he sprayed Fuller but denies that he did so needlessly and/or without warning. (*See* ECF #48-12 at 2, Pg. ID 361). Kerr says that he sprayed Fuller because he saw suspected lice (or other insects) on Fuller's back and that he warned Fuller before spraying him. (*Id.*) In this action, Fuller alleges that the July 3rd Quell Shower constituted excessive force and assault and battery.

## THE R&R

At the close of discovery, the Defendants moved for summary judgment on all of Fuller's claims. The Magistrate Judge recommended that the Court grant summary judgment to Defendants with respect to all of Fuller's claims except the excessive force and assault and battery claims against Kerr arising out of the July 3rd Quell Shower. (*See* R&R at 15, Pg. ID 769.) The R&R suggests that there is a material factual dispute with respect to Kerr's reason and motivation for administering the July 3rd Quell Shower. (*Id.* at 11-12, Pg. ID 765-66.) The R&R

suggests that the record contains evidence that, contrary to Kerr's current claim, Kerr sprayed Fuller without warning and without justification. (*See id.*) The R&R identified this evidence as follows:

1. Statements by Fuller in his verified complaint and in his post-deposition affidavit that Kerr sprayed him without prior warning. (*See* ECF #26 at 3, Pg. ID 122; ECF # 66-1 at 2, Pg. ID 641.)

2. Fuller's deposition testimony that there were no lice on his body when Kerr applied the July 3rd Quell Shower and that Kerr thus had no justification for administering the shower. (*See* ECF # 48-8 at 9, Pg. ID 355.)

3. A police report describing a statement by Kerr in which he denied administering the July 3rd Quell Shower at all – a statement that contradicts Kerr's current admission that he did administer the shower. (*See* ECF #66-2 at 12, Pg. ID 701.)

4. Kerr's failure to mention the July 3rd Quell Shower in a disciplinary report he wrote about his interactions with Fuller on July 3 (*See* ECF #48-17 at 2, Pg. ID 376-78) – an omission the R&R regarded as possibly inconsistent with Kerr's current claim that he justifiably administered the shower after seeing lice on Fuller.

5

Based on this evidence, the R&R concludes: "In order for the Court to find that Defendant Kerr's version of the facts is undisputed, it would have to ignore the obvious inconsistencies between Defendant Kerr's own statements and completely disregard Plaintiff's consistent sworn renditions of what occurred." (R&R at 16, Pg. ID 770.)

### **DEFENDANTS' OBJECTIONS**

The Defendants contend that the Court should reject the R&R because it contains the following errors:

1. The R&R erroneously considers statements in Fuller's post-deposition affidavit that Kerr sprayed him without warning. The Defendants argue that the Court should disregard those statements because they conflict with Fuller's deposition testimony. (ECF # 71 at 18-19, Pg. ID 811-12.)

2. The R&R erroneously credits Fuller's testimony that he was lice-free when Kerr sprayed him with the July 3rd Quell Shower. (*Id.* at 16-17, Pg. ID 809-10.)

3. The R&R fails to consider whether Defendant Kerr is entitled to qualified immunity. (*Id.* at 20-23, Pg. ID 813-16.)

## GOVERNING LEGAL STANDARD

A.  **R&R Standard of Review**

This Court reviews *de novo* the portions of the R&R to which the parties have objected. *See* Fed. R. Civ. P. 72(b)(3). The R&R determined that genuine issues of material fact exist with respect to Fuller's excessive force and assault and battery claims. (*See* R&R at 15-16, Pg. ID 769-70.) The Defendants timely and properly objected to this determination. (*See* ECF #71, Pg. ID 794.) Consequently, this Court reviews *de novo* the portions of the R&R evaluating the use of excessive force and assault and battery claims.

B.  **Summary Judgment Standard of Review**

A movant is entitled to summary judgment when it "shows that there is no genuine dispute as to any material fact...." *SEC v. Sierra Brokerage Services, Inc.,* 712 F.3d 321, 326–27 (6th Cir. 2013) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52 (1986)) (quotations omitted). When reviewing the record, "the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Id.* "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for [that party]." *Anderson,* 477 U.S. at 252. Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a

jury." *Id.* at 251-252. Indeed, "[c]redibility determinations, the weighing of the evidence, and the drafting of legitimate inferences from the facts are jury functions, not those of a judge…" *Id.* at 255.

## ANALYSIS

A.  **The Court Sustains Defendants' Objection to the R&R's Consideration of the Statement in Fuller's Post-Deposition Affidavit That Kerr Sprayed Him Without Warning**

In his post-deposition affidavit, Fuller said that Kerr began spraying him "without warning" during the July 3rd Quell Shower. (ECF #66-1 at 2, Pg. ID 641.) The R&R suggested that this statement supports Fuller's argument that there is a material factual dispute as to whether Kerr acted unlawfully. But the statement directly contradicts Fuller's deposition testimony. At his deposition, Fuller admitted that Kerr told him to cover his eyes *before* he (Kerr) began administering the quell shower:

> Q: So he told you to put your hands up over your eyes *first*?
>
> A: *Yes*.

(ECF #48-8 at 9, Pg. ID 355 (emphasis added).)

Under the "sham affidavit" rule, Fuller may not oppose Kerr's motion for summary judgment by invoking the contradictory statement from his post-deposition affidavit. *See Penny v. United Parcel Service*, 128 F.3d 408, 415 (6th

Cir. 1997) (non-movant may not create material factual dispute by submitting an affidavit that directly contradicts his deposition testimony).

The Court therefore disregards the sworn allegation in Fuller's post-deposition affidavit that that he received no warning before he was sprayed. Fuller's sworn deposition testimony that Kerr *did* provide advance warning therefore controls in the context of Kerr's motion for summary judgment.

**B.      The Court Sustains Defendants' Objection to the R&R's Consideration of Fuller's Testimony That There Were No Lice on His Back**

Fuller initially testified at his deposition that there were no lice on his back when Kerr administered the July 3rd Quell Shower.  (*See* ECF # 48-8 at 9, Pg. ID 355.)  But follow-up questioning of Fuller revealed that Fuller lacked a foundation for his assertion that he was free of lice:

> Q:   All right.  How do you know that there was [sic] no lice?
> A:   I was already sprayed with it.
> Q:   Okay.  But weren't you sprayed with it—
> A:   Upon arrival of coming.
> Q:   Let me finish my question.  Okay?
> A:   Go ahead.
> Q:   You were sprayed with it on June 27, 2011.  This incident in your Complaint says July 3, 2011, correct?
> A:   Right.
> Q:   Okay. And you're not a doctor or an expert on lice so you would have no professional opinion or knowledge about how many applications of a de-licer it would take to get rid of lice, correct?
> A:   Right.

9

(ECF #48-8 at 9, Pg. ID 355.)

As this testimony makes clear, (1) Fuller simply *assumed* that he had no lice on his back during the July 3rd Quell Shower because he had received a quell shower several days earlier, and (2) he had no basis for making that assumption. Fuller's unsupported assumption is not competent summary judgment evidence.[2]

## C. Notwithstanding Defendants' Meritorious Objections to Two Aspects of the R&R, They Have Failed to Show That the R&R Recommended the Incorrect Result

In the Motion, Defendants relied heavily on Kerr's version of events. They highlighted Kerr's sworn statements and argued at length that those statements established that Kerr had a legitimate reason to administer the July 3rd Quell Shower. (*See* ECF #48 at 20, Pg. ID 322.) But the Magistrate Judge correctly concluded that evidence in the record calls into serious question Kerr's version of events.

As the Magistrate Judge accurately noted, there is evidence that Kerr initially *denied* spraying Fuller with anything on July 3rd. (ECF #66-2 at 12, Pg. ID 701.) Kerr's initial denial conflicts sharply with his current claim that he *did* spray Fuller and that he had a sound justification for doing so. When viewed in Fuller's favor, Kerr's initial denial of a spraying he now admits could be seen as

---

[2] At trial, Fuller will, of course, be permitted to offer competent evidence that there were no lice on him at the time of the July 3rd Quell Shower. Such evidence could include, for instance, testimony by Fuller that he did not see nor feel any lice on his skin at that time.

10

Kerr's implicit acknowledgement that the spraying was wrongful and lacked justification. Indeed, one could argue that if the spraying was justified, as Kerr insists, then Kerr would have admitted the spraying and explained the basis for doing so from the outset. In their Objections to the R&R, Defendants do not even attempt to argue that the Magistrate Judge erred in suggesting that Kerr's conflicting versions of events preclude summary judgment.

The record also contains evidence that Kerr failed to note the July 3rd Quell Shower in his disciplinary report. The Magistrate Judge properly suggested that this evidence further undercuts Kerr's version of events. (*See* R&R at 15-16, Pg. ID 769-70.) Like Kerr's initial denial that he sprayed Fuller, Kerr's failure to note the spraying in his report, when viewed in Fuller's favor, could be viewed as an implicit acknowledgment that the spraying was wrongful. Defendants' Objections do not address Kerr's failure to note the spraying in his report.

In sum, the Magistrate Judge was entirely correct when he suggested that the Defendants are not entitled to summary judgment on Fuller's excessive force and assault and battery claims because the evidence on which they heavily rely – Kerr's version of events – is open to serious question.

D.  **The Court Overrules Defendants' Objection that the R&R Failed to Consider Kerr's Qualified Immunity Defense**

The Motion did not argue that the Court should grant summary judgment on qualified immunity grounds. Thus, the Magistrate Judge did not err in declining to

11

address qualified immunity. The fact that Fuller raised the issue of qualified immunity in his *pro se* response to the Motion did not require the Magistrate Judge to consider the issue which Defendants failed to raise in the first instance.

**E. The Court Denies Fuller's Motion for Extension of Time to File a Response to Defendants' Objections to the R&R**

On September 18, 2015, Fuller filed a motion to extend the time by which he could file a response brief to the Objections (the "Motion to Extend Time"). (*See* ECF #72.) However, the Court does not need to hear from Fuller with respect to the Objections. As detailed above, the Court is overruling the Objections to the extent they ask the Court to grant Kerr summary judgment, and the Court is allowing Fuller's excessive force and assault and battery claims against Kerr to move forward. Because the Court denying the Defendants the relief they seek, it will deny Fuller's request to file an untimely response brief.

## CONCLUSION

For the reasons stated in this Opinion and Order, **IT IS HEREBY ORDERED** that the Court

- **SUSTAINS IN PART AND DENIES IN PART** the Defendants' Objections (ECF #71);

- **DENIES** Fuller's Motion to Extend Time (ECF #72);

- **ADOPTS** the R&R (ECF #69); and

12

- **DENIES** the Motion solely with respect to Fuller's claims for excessive force and assault and battery against Kerr, and **GRANTS** the Motion in all other respects (ECF #48).

Accordingly, the only claims for trial are Fuller's claims against Kerr for excessive force and assault and battery.

**IT IS SO ORDERED.**

                                             s/Matthew F. Leitman
                                             MATTHEW F. LEITMAN
Dated: September 21, 2015      UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 21, 2015, by electronic means and/or ordinary mail.

                                             s/Holly A. Monda
                                             Case Manager
                                             (313) 234-5113