UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS FULLER,

    Plaintiff,

v.

DAVID KERR *et al.*,

    Defendants.

_____/

Case No. 13-cv-13171
Hon. Matthew F. Leitman

## **ORDER CONDITIONALLY APPOINTING COUNSEL**

In 2011, Plaintiff Leroy Fuller ("Fuller") was a resident of the Tri-County Community Adjudication Program ("Tri-Cap"). Tri-Cap is a diversion program that aims to reduce non-violent offender admissions to jail or prison. (*See* ECF #48 at 12, Pg. ID 314.) In this action, Fuller alleged that while he was housed at Tri-Cap, Defendant David Kerr ("Kerr"), a Tri-Cap employee, subjected him to excessive force and committed assault and battery against him by spraying him with a de-lousing agent during a contraband check. Fuller also claims that Kerr and Defendants Gary Davis, Janet Cochran, and John W. Hawley (collectively, the "Defendants") violated his Eighth Amendment rights by withholding medical care and prescription drugs.

The Defendants jointly filed a motion to dismiss and for summary judgment on December 31, 2014 (the "Motion"). (*See* ECF # 48, Pg. ID 303.) On September 21, 2015, this Court issued an Order denying the Defendants' Motion with respect to Fuller's excessive force and assault and battery claims against Kerr, but granted the Motion in all other respects. (*See* ECF #73 at 1, Pg. ID 863.) Consequently, Fuller's surviving excessive force and assault and battery claims may proceed to a jury trial because the parties genuinely dispute the material facts regarding these claims. *SEC v. Sierra Brokerage Servs., Inc.*, 712 F.3d 321, 326-27 (6th Cir. 2013) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).

Fuller is proceeding *pro se* in this action. Unlike criminal cases, there is no constitutional or statutory right to the appointment of counsel in civil cases. *See Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993). However, this District has a procedure in which cases are referred to a Pro Bono Committee that requests members of the bar to assist in appropriate cases. This Court believes Fuller would benefit from the assistance of appointed pro bono counsel in this matter.

Accordingly, this case is referred to the Pro Bono Committee. Fuller is conditionally granted appointment of counsel provided that the Committee is successful in enlisting pro bono counsel. If the Committee is unsuccessful, counsel will not be appointed and Fuller will proceed *pro se* or retain counsel at his own expense.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: September 28, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 28, 2015, by electronic means and/or ordinary mail.

s/Teresa McGovern
in the Absence of Holly Monda
Case Manager
(313) 234-5113